```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JAMES C. THORNTON,                              :
                                                :
                        Plaintiff,              :
                                                :
            - against -                         :        OPINION AND ORDER
                                                :           13 Civ. 8912 (ER)
THOMAS MORONEY and WARDEN AGRO,                 :
                                                :
                        Defendants.             :
----------------------------------------------------------------x
```

RAMOS, D.J.:

While incarcerated at the Anna M. Kross Center (the "Kross Center"), James Thornton ("Plaintiff"), appearing *pro se* filed this action pursuant to 42 U.S.C. § 1983 against Thomas Moroney, a New York Police Department Officer; William Mason, an Assistant District Attorney in the New York County District Attorney's Office; and Rose Agro, Warden of the Kross Center.  Compl., Doc. 2.  Plaintiff claims that his August 2013 arrest on drug charges was unconstitutional, and that he was refused medical treatment and a bed upon intake at Rikers Island.  *Id.*

For the reasons set forth below, the Court hereby DISMISSES Plaintiff's claims for failure to prosecute, without prejudice.

**I. Background**

Plaintiff initiated the instant case on December 11, 2013.  Doc. 2.  By order dated January 13, 2014, the Court dismissed Plaintiff's claims against Assistant District Attorney Mason and requested that Defendant Agro waive service of summons.  Doc. 5.

On January 14, 2014, the Court mailed an information package to Plaintiff at his last known address:  Anna M. Kross Center, 18-18 Hazen Street, East Elmhurst, NY 11370.  *See*

Docket, 13 Civ. 8912 (January 14, 2014 Entry).  Thereafter, the Court received notice that the mailing to Plaintiff was returned for the reason "Plaintiff is discharged.  No known forwarding address."  See Docket, 13 Civ. 8912 (January 30, 2014 Entry).

On April 8, 2014, Defendant Agro filed her Answer.  Doc. 8.  Thereafter, the Court set a case management conference for May 9, 2014.  Doc. 9 ("Notice of Initial Court Conference").  On April 9, 2014, the Court mailed a copy of the Notice of Initial Court Conference to Plaintiff at the Kross Center Address.  Thereafter, the Clerk of the Court received notice that the mailing to Plaintiff was returned for the reason "not in system."

Plaintiff was not present for the conference held on May 9, 2014.  Following the conference, the Court entered an order to show cause why this action should not be dismissed without prejudice for want of prosecution.  Doc. 10 ("Order to Show Cause for Dismissal").

The Court held a show cause hearing on June 17, 2014.  While counsel for Defendant Agro was present by telephone, Plaintiff again failed to appear.  To date, the Court has not received any correspondence or notice of change of address from Plaintiff indicating that he is no longer at the Kross Center Address.

## II. Dismissal Without Prejudice Pursuant to Rule 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure states that a defendant may move to dismiss an action or any claim against it "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  Fed. R. Civ. P. 41(b).  Alternatively, a district court may, *sua sponte*, dismiss an action for lack of prosecution pursuant to Rule 41(b).  *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).  Unless the dismissal order states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits.  Fed. R. Civ. P. 41(b).  District courts have discretion to effect dismissal pursuant to Rule 41(b).  *See Hibbert v. Apfel*,

No. 99 Civ. 4246(SAS), 2000 WL 977683, at *1 (S.D.N.Y. July 17, 2000) (citing *Nita v. Connecticut Dep't of Envtl. Protection*, 16 F.3d 482, 485 (2d Cir. 1994); *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)).  The Second Circuit has cautioned, however, that the discretion to dismiss a case under Rule 41(b) should be exercised sparingly and only when the district judge is "sure of the impotence of lesser sanctions." *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 665 (2d Cir. 1980); *accord Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

To determine whether to dismiss a case under Rule 41(b) for failure to prosecute, district courts employ a balancing test that considers the following five factors:  (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the district judge had adequately assessed the efficacy of lesser sanctions.  *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004); *Shannon v. General Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999); *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994).

The Court finds that dismissal of Plaintiff's claims without prejudice under Rule 41(b) is warranted.  First, Plaintiff has failed to take any action with respect to his claims during the time period from at least December 11, 2013 to June 20, 2014.  He has apparently been released from custody at the Kross Center yet has not notified the Court of his current address.  Additionally, as of the date of this opinion, he still has not complied with the May 9, 2014 Order directing him to show cause why this action should not be dismissed without prejudice for want of prosecution. *Cf. Hibbert*, 2000 WL 977683, at *3 (dismissing claims under Rule 41(b) where over six months

elapsed after plaintiff's receipt of a proposal to remand); *Chira*, 634 F.2d at 666-67 (failure to take any action during six month period justified dismissal under Rule 41(b)).

Second, the Court's Order to Show Cause for Dismissal clearly put Plaintiff on notice that failure to respond would result in dismissal of his claims.  Moreover, regardless of whether Plaintiff actually received notice that delay could result in dismissal, it remained his duty to diligently pursue his case and to inform this Court's *Pro Se* Office of any change of address. *Hibbert*, 2000 WL 977683, at *2 (citing *Smith v. Human Res. Admin. of New York City*, No. 91 Civ. 2295, 2000 WL 307367, at *2 (S.D.N.Y. Mar. 24, 2000)); *Mathews v. U.S. Shoe Corp.*, 176 F.R.D. 442, 445 (W.D.N.Y. 1997) (granting Rule 41(b) motion despite plaintiff's non-receipt of the court's order to comply with discovery requests or be subject to dismissal for failure to prosecute).

Third, prejudice to Defendant can be fairly presumed where, as here, there is a delay of more than six months and Plaintiff neither replied to the Court nor defense counsel's attempts to reach him during that timeframe.  *Chira*, 634 F.2d at 666-68 (six-month delay caused prejudice); *accord Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42-43 (2d Cir. 1982) (noting that delays supporting dismissals have ranged from a matter of months to a period of years); *but see United States ex rel. Drake*, 375 F.3d at 255 (presumption of prejudice is rebuttable (citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001)).  Here, dismissal under Rule 41(b) is appropriate because Plaintiff has failed to appear for conferences, failed to keep the Court apprised of his address, and failed to respond to the Order to Show Cause for Dismissal. *Ashley v. City of New York*, No. 02 Civ. 3085 (LAP) (RLE), 2003 WL 1624215, at *2 (S.D.N.Y. Mar. 25, 2003) (dismissing without prejudice *pro se* plaintiff's claims under Rule 41(b) where over a year elapsed since he had filed his complaint and service had not been effectuated).

Fourth, dismissal of Plaintiff's claims without prejudice does not violate his due process rights. While Plaintiff has had the opportunity to be heard, he has failed to pursue his claims for a period of more than six months or to notify the Court of a change in address. "It is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Hibbert*, 2000 WL 977683, at *3. However, because Plaintiff's delay has not impacted the trial calendar, the Court finds that this factor also supports dismissal without prejudice, as opposed to adjudication on the merits. *See, e.g.*, *Thrall v. Cent. New York Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010) (dismissal without prejudice would have served the district court's need to clear its calendar without unduly penalizing a *pro se* litigant for failing to comply with a scheduling order).

Fifth, due to Plaintiff's failure to maintain contact with the Court, dismissal, rather than a further extension of time, is appropriate. "[A]ll litigants, including *pro se* litigants, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." *Baba v. Japan Travel Bureau Int'l, Inc.*, 165 F.R.D. 398, 402 (S.D.N.Y. 1996), *aff'd*, 111 F.3d 2 (2d Cir. 1997) (quoting *McDonald v. Head Crim. Court Supervisor Off'cr*, 850 F.2d 121, 123 (2d Cir. 1988) (internal quotation marks omitted)); *see also Barclay v. Doe*, 207 F. App'x 102, 104 (2d Cir. 2006) (upholding dismissal of with prejudice under Rule 41(b) where *pro se* plaintiff defied discovery order). Policy concerns also militate in favor of dismissal. As the Second Circuit has recognized, "[d]elays have dangerous ends," and "exhortations of diligence are impotent" unless district judges appropriately wield the power of dismissal. *Chira*, 634 F.2d at 668. However, because the Court finds that lesser sanctions than dismissal with prejudice are potentially viable, and due to his *pro se* status, Plaintiff's claims will be dismissed *without* prejudice. *Lyell Theatre Corp.*, 682

F.2d at 43 (when imposed, the sanction of dismissal under Rule 41(b) "operates as an adjudication upon the merits, but may be without prejudice if so specified by the court imposing it" (citation and quotation marks omitted)); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (Rule 41(b) dismissal [with prejudice] to be used with caution because "*pro se* plaintiffs should be granted special leniency regarding procedural matters").

### III. Conclusion

For the reasons set forth above, Plaintiff's claims are DISMISSED without prejudice. The Clerk of the Court is respectfully directed to close this case.

It is SO ORDERED.

Dated:   June 20, 2014
         New York, New York

                                                        _____
                                                            Edgardo Ramos, U.S.D.J.